FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Aug 21, 2026
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL DAVID CONGER,

Defendant.

No. 4:25-CR-06031-MKD-1

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

**ECF No. 81**

Before the Court is Defendant's Motion to Modify Conditions of Release (ECF No. 81). Defendant was represented by Assistant Federal Defender Nick Mirr on the motion.

Defendant requests the Court strike Special Condition Nos. 8, 9, and 11, which impose GPS location monitoring, home detention, and an internet prohibition, respectively. ECF No. 81. Defendant argues that his success on pretrial release since October 2025, continuous residence in a clean and sober residence and position as the house manager of the residence, and successful participation in a clean and sober retreat outside of the state support his request. *Id.* Additionally, Defendant asserts that his medical needs require or would be alleviated by internet use. *Id.*

The United States Attorney's Office and the United States Probation/Pretrial Services Office have no objection to Defendant's request. *See id.*

Pretrial release conditions are governed by 18 U.S.C. § 3142(c). A defendant released on conditions shall be subject to the least restrictive condition or combination of conditions to "reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c)(1)(B). To determine whether there are conditions that will reasonably assure the defendant's appearance and the safety of the community, courts consider four factors under § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(1)–(4). Important here, courts "may at any time amend the order to impose additional or different conditions of release."

Given Defendant's success on pretrial release, and particularly his position of leadership in his clean and sober residence and the support of his probation officer, Defendant's current conditions may be more restrictive than necessary to reasonably assure his appearance and the safety of the community under § 3142(c)(1)(B). Due to Defendant's compliance since October 2025 and the support of the parties, the Court finds that home detention and the internet

prohibition are no longer necessary. However, stand-alone GPS location monitoring remains necessary under § 3142(c)(1)(B) because of the allegations against Defendant and his criminal history. *See* ECF No. 50.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 81**) is **GRANTED IN PART AND DENIED IN PART**.

2. **Special Condition No. 9 (ECF No. 50) is MODIFIED** in its entirety to read **as follows:**

> **9. Stand-alone Monitoring:** Defendant shall participate in the location monitoring program in order to verify compliance with any court-imposed conditions of supervision.

3. **Special Condition No. 11 (ECF No. 50) is STRICKEN.**

4. All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED August 21, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE